# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44242

| | | |
|---|---|---|
| In the Interest of the DOE CHILDREN, Children Under the Age of Eighteen (18) Years. | ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) | 2016 Unpublished Opinion No. 684 |
| | ) | Filed: September 15, 2016 |
| Plaintiff-Respondent, | ) ) | Stephen W. Kenyon, Clerk |
| v. | ) ) | |
| JANE DOE (2016-22), | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant, | ) ) | |
| and | ) ) | |
| GUARDIAN AD LITEM/CASA, | ) ) | |
| Intervenor-Respondent, | ) ) | |
| and | ) ) | |
| JOHN DOE, | ) ) | |
| Respondent. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Calvin H. Campbell, Magistrate.

Order terminating parental rights, affirmed.

Marilyn Paul, Twin Falls County Public Defender; Laura Z. O'Connell, Deputy Public Defender, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent Idaho Department of Health and Welfare.

Jamie A. LaMure, Kimberly, for respondent Guardian Ad Litem/CASA.

1

GRATTON, Judge

Jane Doe appeals from the magistrate's order terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe has four children: J.S., born in 2007; R.S., born in 2008; M.S., born in 2010; and S.S., born in 2013. The Idaho Department of Health and Welfare (the Department) took custody of Doe's children in May 2014 due to reports of an unstable home environment and drug use in the home.

In June 2014, the magistrate ordered Doe to complete a case plan. The case plan required Doe to cooperate with the Department; submit to random drug tests; maintain financial stability through employment; maintain safe, stable, sanitary, and drug-free housing; attend a parenting class; attend family counseling; comply with the terms of her probation; and ensure the children attended all recommended appointments and school. Doe struggled to comply with the case plan. The children's health, behavior, and development improved while they were in the custody of the Department.

The Department petitioned for termination of Doe's parental rights in June 2015, and the magistrate held a hearing in December 2015. The magistrate found that Doe had neglected the children, but continued the hearing until March 2016 because of the strong bond between Doe and the children and the recent progress made by Doe on her case plan.

The magistrate terminated Doe's parental rights after the March 2016 hearing, finding that Doe had neglected the children and it was in the children's best interests to terminate Doe's parental rights. Doe timely appeals.

## II.

## ANALYSIS

Doe argues substantial and competent evidence in the record did not support the magistrate's findings that: (1) Doe had neglected the children; and (2) it was in the children's best interests to terminate Doe's parental rights.

2

## A.    Neglect

Doe asserts substantial and competent evidence did not support the magistrate's finding that Doe had neglected the children.  A parent has a fundamental liberty interest in maintaining a relationship with his or her child.  *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002).   This interest is protected by the Fourteenth Amendment to the United States Constitution.  *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).  Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved.  I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship.  *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006).  Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence.  *Id*.  Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence.  *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion.  *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009).   The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated.  *Id.*   The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required.  *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006).  Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain.  *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006).  Further, the magistrate's decision must be supported by objectively supportable grounds.  *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five

factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(31), as well as situations where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

Doe argues the magistrate did not consider efforts she made on her case plan. Specifically, Doe asserts the magistrate did not consider her efforts to become more involved in her substance abuse treatment, improve her housing situation, improve her financial stability by applying for social security and disability, and receive conflict counseling. Doe also argues the Department is responsible for arranging family counseling and her pending criminal charges should not affect her parental rights.

The magistrate found by clear and convincing evidence that Doe had neglected the children by failing to comply with her case plan. The magistrate based this finding on substantial and competent evidence. Doe withheld information from the Department; directed threatening, confrontational language at case workers; and ignored or disregarded instruction on parenting skills from case workers. Further, Doe was discharged from drug treatment after several unsuccessful attempts, failed numerous drug tests, and admitted to using controlled substances while the case plan was in place. Doe also had little work history and failed to provide proof of any employment for the duration of the case plan. Moreover, Doe did not obtain stable housing. She was evicted from several residences and lived in motels. Although

4

she had a trailer, she did not find a place to put it. Finally, Doe did not complete a parenting class or regularly attend family counseling; was charged with criminal conduct; missed visits with the children; and failed to supervise the children when she attended visits. Thus, the magistrate based its finding that Doe neglected the children by failing to comply with the case plan on substantial and competent evidence, and we affirm the magistrate.

Although Doe made some efforts on her case plan tasks before the Department sought termination of her parental rights, her efforts fell short of compliance with the plan. Further, while the Department bears the responsibility to make reasonable efforts to help arrange family counseling, *see* I.C. § 16-1621, Doe's failure to cooperate with the Department hindered the Department's efforts. Finally, despite Doe's assertions, her criminal charges are relevant to her fitness as a parent and compliance with the case plan.[1]

## B.    Best Interests of the Children

Doe also argues substantial and competent evidence did not support the magistrate's determination that it was in the best interests of the children to terminate her parental rights. Doe asserts she can provide the stability that the children need. She also asserts J.S. and R.S. were sexually abused while in foster care. Finally, she asserts her family needs to be reunited to resolve issues related to her father-in-law's death and because of the strong bond among members of the family.

Once the trial court establishes a statutory ground for termination, it must next determine whether it is in the best interest of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interest, the trial court may consider the stability and permanency of the home, the employment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014); *see also Doe v. Roe*, 133 Idaho 805, 809-10, 992 P.2d 1205, 1209-10 (1999); *Doe v. State, Dep't of Health & Welfare*, 122 Idaho 644, 648, 837 P.2d 319, 323 (Ct. App. 1992). Thus, a finding that it is in the best interest of the child to terminate parental rights must be made upon objective grounds, supported

---

[1]    The case plan required Doe to comply with the terms of her probation, which included avoiding criminal charges.

by substantial and competent evidence. *In re Doe*, 152 Idaho 953, 957, 277 P.3d 400, 404 (Ct. App. 2012).

The magistrate found by clear and convincing evidence that it was in the best interests of the children to terminate Doe's parental rights. The magistrate based this finding on substantial and competent evidence. Doe did not establish permanent, stable housing. She was evicted from several residences and lived in motels. Although she had a trailer, she did not have a place to put it. Further, Doe's drug use, criminal matters, and self-sufficiency problems were not conducive to a stable, permanent home environment. Finally, the children's health, behavior, and development improved while they were in the custody of the Department. S.S. had health issues that his foster parents addressed. The children were behind developmentally when the Department took custody of them, but have since made substantial developmental progress. Shortly after the Department took custody of the children, they tested positive for controlled substances and exhibited extreme behavioral issues caused by trauma. Although the children's behavior still deteriorates around their parents' visits, the children's behavior has improved substantially. Thus, the magistrate based its finding that it was in the children's best interests to terminate Doe's parental rights on substantial and competent evidence, and we affirm the magistrate.

Despite Doe's assertions, we are not convinced she can provide the stability the children need. Her criminal activity, drug use, unstable housing, and financial situation prevent her from doing so. Moreover, although one of the foster parents of J.S. and R.S. neglected to act on inappropriate conduct between J.S., R.S., and another foster child in the home,[2] transferring the children from one neglectful guardian to another is not in the children's best interests. Finally, while we recognize the strong bond among members of the family and the need to address the death of Doe's father-in-law, Doe's inability to provide a stable environment for the children requires us to affirm that it was in the children's best interests to terminate Doe's parental rights.

---

[2] In response to this incident, the Department revoked the neglectful foster parent's license and removed J.S. and R.S. from the foster parent's home. The Department concluded that no sexual abuse occurred, and law enforcement did not file any charges.

## III.

## CONCLUSION

Substantial and competent evidence supports the magistrate's findings that Doe neglected the children, and it was in the best interests of the children to terminate Doe's parental rights. The magistrate's order terminating Doe's parental rights is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.